**KE XIAN LIU, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3973–ag.

United States Court of Appeals, Second Circuit.

June 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ke Xian Liu, a native and citizen of the People's Republic of China, seeks review of the September 7, 2007 order of the BIA denying her motion to reopen. *In re Ke Xian Liu,* No. A71 567 041 (B.I.A. Sept. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that Liu has explicitly waived any challenge to the BIA's determination that she failed to establish *prima facie* eligibility for CAT relief and its decision declining to reopen her

proceedings *sua sponte* to allow her to apply for an adjustment of status. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "The BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, ... (4) contains only summary or conclusory statements, ... [or (5)] fails to consider the facts of record relevant to the motion." *Melnitsenko v. Mukasey,* 517 F.3d 42, 50 (2d Cir.2008) (citation and internal quotation marks omitted).

The BIA's decision that Liu's motion to reopen was untimely, given that it was filed five years after the BIA dismissed her appeal, is beyond objection. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, although there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), the BIA properly found that Liu's motion did not qualify for such an exception to the time limitation.

First, it is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam).

Second, the BIA reasonably found that "[t]he documents submitted [by Liu] do not discuss forced IUD insertion" and that Liu failed to establish a material change in country conditions. The news reports Liu submitted discuss only the enforcement of the family-planning policy in Fujian province by imprisonment and forced sterilizations and abortions, not the use of IUDs and, moreover, not the en-

forcement efforts in Zhejiang province, where Liu is from. In addition, the two reports excerpted in Liu's motion, one of which the BIA expressly mentioned, support the BIA's determination that Liu failed to establish a material change in country conditions. One report indicates that the use of IUDs has decreased; the other discusses the situation in 1997, before Liu's hearing. Accordingly, the BIA did not exceed its allowable discretion in denying Liu's motion to reopen.

■ Finally, we decline Liu's request that we stay our mandate to allow the BIA an opportunity to reopen her case to consider the 1999 Changle City Family Planning Q & A Handbook document discussed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). Liu fails to explain the relevance of this document, which deals with Fujian province, not Zhejiang province. In addition, neither the 1999 Q & A Handbook nor the evidence Liu claims establishes that it remains in force was in the record before the BIA or even before us. Accordingly, as Liu acknowledges, the circumstances do not warrant a remand, *see Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007) (holding that any inherent power to remand to the BIA for consideration of additional evidence should not be exercised if "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"), and we decline to stay the mandate. Liu may nevertheless file a motion to reopen with the BIA presenting that evidence.

For the foregoing reasons, the petition for review is DENIED. As we have com-pleted our review, Liu's pending motion for a stay of removal in this petition is DISMISSED as moot. Liu's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).